# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DALMER LEE REYAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 3:18-CV-1485** |
| **v.** | : | |
| | : | **Judge Mariani** |
| **PENNSYLVANIA DEPARTMENT OF** | : | **Magistrate Judge Arbuckle** |
| **CORRECTIONS, DR. VANITHA** | : | |
| **ABRAHAM, DR. THEODOOR** | : | |
| **VOORSTAD, DR. SCOTT MORGAN,** | : | **Electronically Filed Document** |
| **DR. JEAN HOLDREN, PA-C NICOLE** | : | |
| **ODEM, PA-C MARK HAMMER,** | : | *Complaint Filed 07/26/18* |
| **RANDY EVANS, RICHARD** | : | |
| **HIBSHMAN, SAMUEL LARTY,** | : | |
| **RICHARD KISTLER** *and* **CORRECT** | : | |
| **CARE SOLUTIONS,** | : | |
| **Defendants** | : | |

## DOC DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT

Defendants Pennsylvania Department of Corrections ("DOC"), Captain Randy Evans, Sergeant Richard Hibshman, Corrections Officer Samuel Larty, and Corrections Officer Richard Kistler (collectively, "DOC Defendants"), through their counsel, hereby file with this Honorable Court a brief in support of their motion to dismiss the complaint filed against them, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, dismiss the complaint, pursuant to Federal Rule of Civil Procedure 56(a) due to Plaintiff's failure to exhaust his

administrative remedies as required by Section 1997e(a) of the Prison Litigation Reform Act of 1996.

PROCEDURAL HISTORY

On July 26, 2018, Plaintiff Dalmer Lee Reyan, an inmate currently incarcerated at the State Correctional Institution ("SCI") at Mercer, brought this civil rights action. (Doc. 1). On October 27, 2018, he filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Eighth Amendment to the United States Constitution; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132; and the Rehabilitation Act of 1973, 29 U.S.C. § 794. (Doc. 16). In addition to the DOC Defendants, Plaintiff names the following defendants in his amended complaint:   Dr. Vanitha Abraham, Dr. Theodoor Voorstad, Dr. Scott Morgan, Dr. Jean Holdren, PA-C Nicole Odem, PA-C Mark Hammer, and Correct Care Solutions, LLC (collectively, the "Medical Defendants").[1]

On November 20, 2018, Medical Defendants filed a motion to dismiss, along with a memorandum of law in support of the motion.  (Docs. 21, 22). Plaintiff subsequently filed a response to the motion on December 18, 2018. (Doc. 27). Medical Defendants later filed a brief in reply to that response.  (Doc. 31).

---

[1] The Medical Defendants are represented by outside counsel.

DOC Defendants filed an unopposed motion for extension of time to file a responsive pleading on November 20, 2018.   (Doc. 23).   Said motion was subsequently granted by the Court, and DOC Defendants were ordered to file a responsive pleading on or before December 26, 2018.  (Doc. 24).

On December 26, 2018, DOC Defendants filed a motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (Doc. 28).  Defendants now file this brief in support of their motion and assert that the Court should dismiss the amended complaint because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996 (the "PLRA").

## COUNTER-STATEMENT OF FACTS ALLEGED

Plaintiff alleges that when he entered SCI-Camp Hill in or about March 2016, his right knee was dislocated and severely arthritic, making it difficult for him to ambulate.  (Doc. 16, ¶ 21).  He claims that, on July 26, 2016, two of the DOC defendants were escorting him down a set of stairs when his right knee gave out and he fell, hitting and injuring his head, neck, hip, lower back, and right knee. *Id.*, ¶¶ 34-35.  Plaintiff argues that the DOC Defendants did not follow proper procedure during the escort, which was the proximate cause of his injuries.  *Id.*, ¶¶

34, 58.   In addition, he claims that the DOC failed to accommodate him by requiring that he climb up and down stairs at SCI-Camp Hill.   ¶ 70.

As Plaintiff and DOC Defendants Kistler and Larty were descending the stairs on July 26, 2016, Plaintiff fell on the fourth to the last step in the staircase. Ex. A at 1 (attached and incorporated hereto as Exhibit A is a true and correct copies of the Employee Reports of Incident related to this event).   Plaintiff then tried to catch himself, which caused him to spin around, hitting his head on the handrail.  *Id.*  Plaintiff was in pain, yelling that his knee "went out."  *Id.*  Medical staff dispatched to the scene subsequently asked Plaintiff if his knee going out was the result of the fall, to which Plaintiff responded, "it went out before I fell."  *Id.*

Accordingly, although DOC Defendants do not dispute the fact that Plaintiff fell on the stairs, they wholly dispute the allegations that they failed to follow proper procedure, that their actions were a proximate cause of Plaintiff's injuries, and that the DOC failed to accommodate Plaintiff by requiring him to walk up and down stairs at SCI-Camp Hill.

<u>QUESTION PRESENTED</u>

I.    ARE PLAINTIFF'S CLAIMS AGAINST DOC DEFENDANTS BARRED BY THE PRISON LITIGATION REFORM ACT DUE TO HIS FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES?

*Suggested Answer:  Yes.*

## STANDARDS OF REVIEW

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56.

A.     Motion to Dismiss

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Generally, when determining a motion under Rule 12(b)(6), the court may only consider the complaint and its attached exhibits.  However, while "a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting

the motion to dismiss into one for summary judgment." *Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004).

    B.   <u>Motion for Summary Judgment</u>

    Pursuant to Federal Rule of Civil Procedure 12(d), the Court may treat this motion as one for summary judgment under Rule 56(a) and consider matters outside the pleadings. *See Hancock Indus. V. Schaeffer*, 811 F.2d 225, 229 (3d Cir. 1987). Summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

    The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health System v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence – more than a scintilla but less than a preponderance –

which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (*i.e.*, depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  *Celotex*, 477 U.S. at 322; *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).  The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue."  *Garcia v. Kimmell*, 381 F. Appx. 211, 213 (3d Cir. 2010) (quoting *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005)).

<u>ARGUMENT</u>

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action.  *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under Section 1997e(a) applies to all actions regarding prison conditions, including Section 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that the PLRA's "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong." *Id.* The exhaustion requirement is mandatory. *See Nussle*, 534 U.S. at 524; *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007). An inmate cannot cure non-compliance with Section 1997e(a) by exhausting remedies after filing his complaint. *Cf. Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

In *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004), the Third Circuit noted that "[g]iven that the exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold that we may also consider these without converting it to a motion for summary judgment." *Id.* at 223 (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003) ("In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss")); *Ray v. Kertes*, 285 F.3d 287, 293 n. 5 (3d Cir. 2002) (motions to dismiss may be pursued on failure to exhaust grounds in certain circumstances). This Court should consider the Department of Corrections' policies and inmate grievance records as indisputably authentic documents. *See Spruill*, 372 F.3d at 223 (suggesting that an inmate's grievance records are "indisputably authentic documents").

The Department of Corrections has an inmate grievance system that permits any inmate to seek review of problems that may arise during the course of confinement. *See* 37 Pa. Code § 93.9(a); *see also* Exhibit B (attached and incorporated hereto as Exhibit B is the Declaration of Keri Moore, Assistant

Grievance Officer for the Secretary's Office of Inmate Appeals ("SOIGA"), which outlines the DOC's Inmate Grievance System and provides Plaintiff's grievance documents).

Plaintiff's grievance history reveals that he filed an initial grievance related to this incident on September 11, 2016. Ex. B ¶ 21. This filing was seventeen (17) working days late. *Id.* Although the initial grievance was untimely, it was accepted by the Grievance Officer, who responded by denying the grievance. Ex. B ¶ 22. Plaintiff never appealed the Grievance Officer's decision to the Facility Manager. Ex. B ¶ 23. Nor did he ever issue an appeal to SOIGA. *Id.* As such, he failed to comply with the requirements of DC-ADM 804. Ex. B ¶ 23.

The Medical Defendants also raised this issue in their brief in support of their motion to dismiss. (Doc. 22). Plaintiff responded by attaching a letter to his brief in opposition to the motion, which purports to be a request to appeal the Grievance Officer's decision. (Doc. 27-1). Interestingly, however, it is dated September 17, 2016, which is eleven days *before* the grievance was denied. *See* Ex. B, Attachment D. Moreover, the letter is addressed to SOIGA, rather than to the Facility Manager, as is required by DC-ADM 804 § 1(A)(21); § 2(A). Therefore, even if Plaintiff sent the letter as he claims, he failed to follow proper procedure as required by the PLRA.

9

Finally, as pointed out by Medical Defendants in their reply brief, "Plaintiff admits in his Motion in Opposition that he 'doesn't know' if he was precluded [from complying with the grievance process] or not."  (Doc. 31 at 3, citing Doc. 27 at 12).   Indeed, "[a]dmitting he 'doesn't know' why he failed to exhaust his administrative remedies is not sufficient to withstand [a] Motion to Dismiss (or in the alternative for Summary Judgment)."  (Doc. 31 at 3).

Finally, to the extent that the Court needs to consider the declaration and attachments included, the conversion of this motion to dismiss to one for summary judgment will not prejudice Plaintiff as Plaintiff will have a full opportunity to respond to this motion in a brief in opposition.   Accordingly, to the extent the Court cannot dismiss the amended complaint based solely on the pleadings, the Court should convert the motion to a Motion for Summary Judgment on the issue of exhaustion and dismiss Plaintiff's Amended Complaint with prejudice for failing to properly exhaust available administrative remedies.

<u>CONCLUSION</u>

Plaintiff has failed to exhaust available administrative remedies, which is a mandatory requirement under the PLRA.   Based on this fact, DOC Defendants respectfully request that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice as any attempt at amending would be futile.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**


**By:**   *s/ Lauren E. Sulcove*
_____
**LAUREN E. SULCOVE**
**Office of Attorney General**                   **Deputy Attorney General**
**15th Floor, Strawberry Square**          **Attorney ID 92969**
**Harrisburg, PA 17120**
**Phone: (717) 787-1179**

                                                              **KELI M. NEARY**
                                                              **Chief, Civil Litigation Section**
**lsulcove@attorneygeneral.gov**

**Date:  January 9, 2019**                         **Counsel for DOC Defendants**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DALMER LEE REYAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 3:18-CV-1485** |
| **v.** | : | |
| | : | **Judge Mariani** |
| **PENNSYLVANIA DEPARTMENT OF** | : | **Magistrate Judge Arbuckle** |
| **CORRECTIONS, DR. VANITHA** | : | |
| **ABRAHAM, DR. THEODOOR** | : | |
| **VOORSTAD, DR. SCOTT MORGAN,** | : | **Electronically Filed Document** |
| **DR. JEAN HOLDREN, PA-C NICOLE** | : | |
| **ODEM, PA-C MARK HAMMER,** | : | *Complaint Filed 07/26/18* |
| **RANDY EVANS, RICHARD** | : | |
| **HIBSHMAN, SAMUEL LARTY,** | : | |
| **RICHARD KISTLER** and **CORRECT** | : | |
| **CARE SOLUTIONS,** | : | |
| **Defendants** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Lauren E. Sulcove, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 9, 2019, I caused to be served a true and correct copy of the foregoing document titled DOC Defendants' Brief in Support of Motion to Dismiss to the following:

## <u>VIA ELECTRONIC FILING</u>

**John A. Abom, Esquire**
**Abom & Kutulakis**
**2 West High Street**
**Carlisle, PA  17013**
**JAA@AbomKutulakis.com**
*Counsel for Plaintiff*

**Laurie R. Jubelirer, Esquire**
**Jubelirer Law, LLC**
**600 West Germantown Pike**
**Suite 400**
**Plymouth Meeting, PA  19462**
**laurie@jubelirerlaw.com**

*Counsel for Plaintiff*

**Michael C. Hamilton, Esquire**
**Paula A. Koczan, Esquire**
**Tiffany Renee Temas, Esquire**
**4 PPG Place, 5th Floor**
**Pittsburgh, PA**
**mhamilton@wglaw.com**
**pkoczan@wglaw.com**
**ttemas@wglaw.com**
*Counsel for Defendants Dr. Vanitha*
*Abraham, Dr. Theodoor Voorstad, Dr.*
*Scott Morgan, Dr. Jean Holdren, PA-C*
*Nicole Odem, PA-C Mark Hammer*
*and Correct Care Solutions*

 *s/ Lauren E. Sulcove*
**LAUREN E. SULCOVE**
Deputy Attorney General