IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALMER LEE REYAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:18-cv-01485 |
| | : | (Magistrate Judge Arbuckle) |
| v. | : | (Judge Mariani) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, CAPTAIN RANDY EVANS | : | JURY TRIAL DEMANDED |
| SERGEANT RICHARD HIBSHMAN, | : | |
| CORRECTIONS OFFICER SAMUEL LARTY, | : | |
| CORRECTIONS OFFICER RICHARD KISTLER, | : | |
| CORRECT CARE SOLUTIONS, DR. VANITHA | : | |
| ABRAHAM, DR. THEODOOR VOORSTAD, | : | |
| DR. SCOTT MORGAN, DR. JEAN HOLDREN, | : | |
| PA-C NICOLE ODEM, PA-C MARK HAMMER, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this              day of                  , 2019, upon consideration of

Plaintiff, Dalmer Reyan's Response in Opposition to the DOC Defendants' Motion to Dismiss

Plaintiff's First Amended Complaint, it is hereby ORDERED and DECREED that the DOC

Defendants' Motion is DENIED.

BY THE COURT:

_____
THE HONORABLE ROBERT D.  MARIANI

.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALMER LEE REYAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:18-cv-01485 |
| | : | (Magistrate Judge Arbuckle) |
| v. | : | (Judge Mariani) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, CAPTAIN RANDY EVANS | : | JURY TRIAL DEMANDED |
| SERGEANT RICHARD HIBSHMAN, | : | |
| CORRECTIONS OFFICER SAMUEL LARTY, | : | |
| CORRECTIONS OFFICER RICHARD KISTLER, | : | |
| CORRECT CARE SOLUTIONS, DR. VANITHA | : | |
| ABRAHAM, DR. THEODOOR VOORSTAD, | : | |
| DR. SCOTT MORGAN, DR. JEAN HOLDREN, | : | |
| PA-C NICOLE ODEM, PA-C MARK HAMMER, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DOC DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Dalmer Reyan, by and through his attorney, Laurie R. Jubelirer, Esquire, hereby responds in opposition to the DOC Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the Alternative a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, and in support thereof, incorporates by reference the attached Memorandum of Law as if fully set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the DOC Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and enter the attached Order.

By:     /s/ Laurie R. Jubelirer
        Laurie R. Jubelirer, Esquire
        Jubelirer Law, LLC
        Attorney for Plaintiff

Date: January 23, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALMER LEE REYAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:18-cv-01485 |
| | : | (Magistrate Judge Arbuckle) |
| v. | : | (Judge Mariani) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, CAPTAIN RANDY EVANS | : | JURY TRIAL DEMANDED |
| SERGEANT RICHARD HIBSHMAN, | : | |
| CORRECTIONS OFFICER SAMUEL LARTY, | : | |
| CORRECTIONS OFFICER RICHARD KISTLER, | : | |
| CORRECT CARE SOLUTIONS, DR. VANITHA | : | |
| ABRAHAM, DR. THEODOOR VOORSTAD, | : | |
| DR. SCOTT MORGAN, DR. JEAN HOLDREN, | : | |
| PA-C NICOLE ODEM, PA-C MARK HAMMER, | : | |
| | : | |
| | Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS RESPONSE IN
OPPOSITION TO DOC DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I.    INTRODUCTION

Plaintiff, Dalmer Reyan, an inmate at the State Correctional Institution at Mercer and a

former inmate at the State Correctional Institutions at Pittsburgh and Camp Hill, brings civil

rights claims against the medical defendants, pursuant to 42 U.S.C. § 1983, based on their failure

to provide appropriate and proper medical treatment for his severely injured right knee in

violation of the Eighth Amendment to the United States Constitution. Plaintiff brings civil rights

claims against the Department of Corrections ("DOC") defendants based on their failure to

provide plaintiff with proper accommodations and their deliberate indifference to his serious

medical condition, a dislocated and severely arthritic right knee, which resulted in his falling

down a staircase and sustaining physical and emotional injuries. The DOC defendants are the

Pennsylvania Department of Corrections, Captain Randy Evans, Sergeant Richard Hibshman and Corrections Officers Samuel Larty and Richard Kistler, The medical providers are Correct Care Solutions, Dr. Vanitha Abraham, Dr. Theodoor Voorstad, Dr. Scott Morgan, Dr. Jean Holdren and Physician Assistants Nicole Odem and Mark Hammer.

The DOC defendants seek dismissal of plaintiff's claims against them and, in the alternative, judgment in their favor on defendants' claims that plaintiff failed to properly exhaust his available administrative remedies under the Prison Litigation Reform Act of 1995. Plaintiff opposes the DOC defendants' motion.

## II.   FACTS

Plaintiff, Dalmer Reyan, was an inmate at SCI Camp Hill starting in or about March 2016. (Amended Compl. ¶ 17).  After his transfer to SCI Pittsburgh in the Spring of 2016, plaintiff returned to SCI Camp Hill in or about June 2016 and remained there, with the exception of a transfer for a short time to York County Prison, until about October 2016. Id.  Plaintiff was transferred to SCI Pittsburgh in or about October 2016 and he was moved to his current location at SCI Mercer in or about January 2017. (Amended Compl. ¶ 18).

In or about October 2015, prior to plaintiff's incarceration, he had surgery to stabilize his right knee due to significant arthritis. (Amended Compl. ¶ 19). While plaintiff was in the Bedford County Jail in Bedford, Pennsylvania, in or about February 2016, he fell in his cell and dislocated his right knee. (Amended Compl. ¶ 20). When plaintiff entered SCI Camp Hill in or about March 2016, his right knee was dislocated and severely arthritic, which made it difficult for him to ambulate. (Amended Compl. ¶ 21).

In or about March 2016, the medical defendants issued a restriction that plaintiff was to be housed on a bottom bunk at SCI Camp Hill due to his chronic knee condition, but there was no bottom tier restriction at that time. (Amended Compl. ¶ 22).

Plaintiff was forced to go up and down the steps with great difficulty at SCI Camp Hill when he first arrived in March 2016 until in or about April 2016, when the SCI Camp Hill Medical Department issued a written Physicians Order stating that plaintiff would be restricted to the ground floor and a lower bunk due to his chronic right knee condition. (Amended Compl. ¶ 23).

On July 26, 2016 when plaintiff was scheduled to be transferred from SCI Camp Hill to SCI Pittsburgh, he was housed on N block at SCI Camp Hill. (Amended Compl. ¶¶ 24-25).  Prior to when plaintiff's transfer was set to take place, SCI Camp Hill prison officials told him to pack up his belongings to prepare for the transfer to SCI Pittsburgh the next day. (Amended Compl. ¶ 26).

At or about 3:00 p.m. on July 26, 2016, when SCI Camp Hill was locked down, SCI Camp Hill prison officials requested that plaintiff submit to a urine test with Captain Randy Evans, who was a security captain there, and/or staff members under his supervision. (Amended Compl. ¶ 27). A corrections officer from SCI Camp Hill escorted plaintiff from his cell block to the main building of SCI Camp Hill to a floor below defendant Captain Randy Evans' office. (Amended Compl. ¶ 28).

When plaintiff arrived in the area of the control booth where defendant Sergeant Richard Hibshman was located, plaintiff asked defendant Hibshman to inform defendant Evans that he could not climb the steps due to ground floor restrictions in plaintiff's medical file because of his knee condition. (Amended Compl. ¶ 29).

Defendant Sergeant Hibshman requested the corrections officer in the control booth to call up to defendant Captain Evans in regard to plaintiff's medical restriction, at which time defendant Evans yelled down and cursed, saying that he did not care about plaintiff's medical restrictions; that plaintiff was required to climb the stairs to see defendant Captain Evans and to give a urine; and if plaintiff refused, he would be disciplined and taken to the Restricted Housing Unit at the prison. (Amended Compl. ¶ 30).  Plaintiff then climbed up two to three sets of stairs with great difficulty, where he met defendant Captain Evans and a staff member/members under his supervision; and gave a urine sample, which turned out to be negative. (Amended Compl. ¶ 31).

After plaintiff had already climbed the steps and gave a urine sample, defendant Captain Evans called the medical department to verify plaintiff's medical restrictions and then told defendant Corrections Officer Samuel Larty and defendant Corrections Officer Richard Kistler, who worked as corrections officers at SCI Camp Hill, to escort plaintiff back down the three sets of stairs to the ground floor because of plaintiff's medical condition. (Amended Compl. ¶ 32).

Defendant Captain Evans instructed defendants Corrections Officers Larty and Kistler to position themselves, one in front of and one behind plaintiff while he descended the stairs back to the ground floor of the prison due to medical restrictions related to plaintiff's knee condition. (Amended Compl. ¶ 33). Defendants Corrections Officers Larty and Kistler did not follow the protocol ordered by defendant Captain Evans and did not position themselves in front of and behind plaintiff while he went down the stairs. (Amended Compl. ¶ 34).

While plaintiff was descending the stairs, his right knee gave out and he fell down at least two flights of stairs, hitting and injuring his head, neck, hip, lower back and right knee. (Amended Compl. ¶ 35).

Following his fall, plaintiff was taken to the prison infirmary and then by ambulance to the Emergency Room of Holy Spirit Hospital in Camp Hill, Pennsylvania. (Amended Compl. ¶ 36).  Plaintiff was treated for head, back and knee pain. He was given a cervical collar for his neck and back; fluid was aspirated from his knee; a brace was recommended for the knee; and plaintiff was instructed to follow up with Dr. Sumas, a neurosurgeon who worked outside of the prison, on September 7, 2016. (Amended Compl. ¶ 37).

When plaintiff returned to SCI Camp Hill, he was placed in the infirmary overnight for observation and treatment for his injuries. (Amended Compl. ¶ 38).  Plaintiff saw an orthopedic physician outside the prison on one occasion on August 19, 2016, at which time the doctor attempted without success to drain fluid from plaintiff's knee and recommended a follow-up surgical consultation, physical therapy and a knee brace and/or assistive device. (Amended Compl. ¶ 39).

The medical defendants never took any appropriate steps to ensure that plaintiff followed up with an orthopedic specialist for a surgical evaluation following his visit with the specialist; that plaintiff received physical therapy; or that plaintiff obtained and/or had at all times a knee brace and/or assistive devices to support his knee. (Amended Compl. ¶ 40).

As a result of the fall, plaintiff suffered severe and continuing pain in his right knee, which has persisted up to the present time; and his pre-existing knee condition has worsened significantly. (Amended Compl. ¶¶ 41-42).  Plaintiff made numerous sick call visits to the SCI Camp Hill, SCI Pittsburgh and SCI Mercer medical departments due to severe pain in his knee through the present time for which he has been prescribed ibuprofen, a knee brace, a knee sleeve, a wrap and a cane. (Amended Compl. ¶ 43).

On many occasions from 2016 through the present time, while at SCI Camp Hill, SCI Pittsburgh and SCI Mercer, plaintiff has been without a knee brace, knee sleeve, a wrap and/or a cane or any assistive device, despite the fact that they were prescribed to him, because the medical and DOC defendants failed to take appropriate steps to ensure that plaintiff had access to these devices. (Amended Compl. ¶ 44).

On many occasions at SCI Camp Hill , SCI Pittsburgh and SCI Mercer, plaintiff's numerous oral and written requests to the medical defendants to see/follow up with an outside knee specialist for a surgical consultation to diagnose and treat his knee; and for a brace or other assistive devices for his knee have been ignored, denied and/or not acted upon. (Amended Compl. ¶ 46). Plaintiff has often suffered with increased pain in his right and left knees when he lacked the devices to support his right knee on many occasions from 2016 to the present time. (Amended Compl. ¶ 45).

On or about June 26, 2018, plaintiff saw defendant Holdren at SCI Mercer for evaluation and treatment for his knee and to request to see a knee specialist outside of the prison for a surgical consultation and evaluation. (Amended Compl. ¶ 47).  Defendant Holdren and the SCI Mercer medical defendants under her supervision informed plaintiff on that date and other dates that he did not qualify to see a specialist and/or that he remained on the waitlist to see a specialist; and defendant Holdren never followed up with plaintiff after that visit and other visits, as promised. (Amended Compl. ¶ 48).

Plaintiff saw defendants Abraham, Morgan, Holdren, Voorstad, Odem and Hammer at SCI Camp Hill, SCI Pittsburgh and SCI Mercer from 2016 to the present time for diagnosis and treatment of severe pain in his right knee and to request a referral to an outside specialist for a surgical consultation. (Amended Compl. ¶ 49). The medical defendants have denied, delayed

and/or put plaintiff on a waitlist for at least 28 months to see a specialist for a surgical consultation, evaluation and/or treatment to repair the major damage to his knee. (Amended Compl. ¶ 50).

As a result of the SCI Camp Hill corrections defendants requiring plaintiff to use the stairs and the medical defendants failure to ensure that he be seen by a knee specialist for evaluation and treatment and that he had a knee brace available to him at all times, plaintiff continues to suffer with severe pain in both knees; swelling; discomfort; difficulty with mobility; difficulty sleeping and psychological pain and suffering, some or all of which may be permanent. (Amended Compl. ¶ 51).

As a result of defendant DOC and the SCI Camp Hill corrections defendants' failure to accommodate plaintiff and to force him to use stairs when he had a known disability, plaintiff suffered further physical injuries, mental anguish, anxiety and fear that he would be further injured. (Amended Compl. ¶ 52).

## III.   ARGUMENT

### A.   STANDARD ON A 12 (b) (6) MOTION TO DISMISS

When presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In Bell Atlantic v.Twombly, 127 S. Ct. 1955, 1974 (2007), the Court stated that it was not imposing a standard that required "heightened fact pleading of specifics."

Rule 8(a) of the Federal Rules of Civil Procedure provides the general rules of pleading for claims for relief:

**General Rules of Pleading**

**(a)**     **Claim for Relief.** A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8 (a)

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). Plaintiff's obligation is to put the defendants and the court on notice of what claims are raised. Id. Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 514 (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). See also Leatherman v. Tarrant County Narcotics Intelligence and Coordination  Unit, 507 U.S. 163, 168 (1993) (no heightened pleading requirement in civil rights cases alleging municipal liability under section 1983; all civil actions are governed by the pleading requirements established in Rule 8, except for averments of fraud and mistake in Rule 9 (b)). All the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id.

The Third Circuit has consistently held that if a claim is vulnerable to dismissal under Rule 12(b)(6), the plaintiff should be given the opportunity to amend the complaint and cure the deficiency, even if the plaintiff hasn't moved to amend the complaint.  Shane v. Fauver, 213 F.3d

113, 116 (3d Cir. 2000). Indeed, as the court has recognized, under these circumstances, the

failure of the district court to allow the amendment is an abuse of discretion:

> [T]his court has consistently held that when an individual has filed a
> complaint under § 1983 which is dismissable [sic] for lack of factual
> specificity, he should be given a reasonable opportunity to cure the
> defect, if he can, by amendment of the complaint and that denial
> of an application for leave to amend under these circumstances is
> an abuse of discretion.

Darr v. Wolf, 767 F.2d 79, 81 (3d Cir. 1985); see also Borelli v.City of Reading, 532 F.2d 950,

951 n.1 (3d Cir. 1976).

### B.   PLAINTIFF HAS SUFFICIENTLY PLED EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

The DOC defendants claim that plaintiff is precluded from pursuing his claims against

them because he failed to properly exhaust his administrative remedies under the Prison

Litigation Reform Act ("PLRA"). Here, plaintiff filed an initial grievance (number 644683) to

the facility grievance coordinator in regard to his claims pertaining to his fall down the steps and

his subsequent medical treatment, which was accepted on 9/11/16 and responded to on 9/28/16;

and he attempted to file an appeal of that grievance, dated 9/17/16. See Plaintiff's Official

Grievance to Facility Grievance Coordinator dated 9/11/16; the Initial Review Response from

the Facility Grievance Coordinator dated 9/28/16; and Plaintiff's Grievance Appeal, dated

9/17/16, requesting that his appeal be sent through the facility to the Secretary's Office of Inmate

Grievances and Appeals (SOIGA), all of which are attached hereto as Exhibit A.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e (a), requires a prisoner confined in

jail to exhaust administrative remedies that are available prior to bringing a section 1983 lawsuit

with respect to prison conditions. Under the PLRA, a prisoner need exhaust only "available"

administrative remedies. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). Under § 1997e (a), the

exhaustion requirement hinges on the "availab[ility]" of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones. Id. at 1858. An inmate is required to exhaust those, but only those, grievance procedures that are "capable of use" to obtain "some relief for the action complained of." Id. at 1859 (citing Booth v. Churner, 532 U.S. 732, 738 (2001)). To "complete the administrative review process" means "substantial" compliance with the prison's grievance procedures. Small v. Camden County, 728 F.3d 265, 272 (3d Cir. 2013). See also Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004) (citing Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000)).

There are many situations and circumstances in which the Courts have found that grievance procedures are unavailable to inmates, thus holding that a prisoners' claims cannot be dismissed under particular factual circumstances. Courts have found prison grievance remedies unavailable under many fact-specific circumstances, including the following: because a prisoner was misled about the grievance process (Swisher v. Porter County Sheriff's Dept., 769 F.3d 553, 555 (7th Cir. 2014)); due to threats and intimidation (Ross v. Blake, supra, 136 S. Ct. at 1860 n.3); due to prison rules that obstruct using the grievance system (Church v. Oklahoma Correctional Industries, 2011 WL 4376222, *7 (W.D. Okla. Aug. 15, 2011), *report and recommendation adopted*, 2011 WL 4383225 (W.D. Okla., Sept. 20, 2011)); and due to denial of necessary forms (Hill v. Snyder, 817 F.3d 1037, 1041 (7th Cir. 2016)).

At this stage of the litigation, the grievance appeal paperwork sufficiently shows that plaintiff exhausted his available administrative remedies, as the Court is required to accept as true the plaintiff's allegations in the First Amended Complaint and must accept the facts in the amended complaint if plaintiff has a "plausible claim for relief." Ashcroft v. Iqbal, supra, 556 U.S. at 678; See Amended Complaint at ¶ 54; Exhibit A. Prior to the start of discovery, it would

be premature for the Court to dismiss the First Amended Complaint due to plaintiff's failure to exhaust administrative remedies without giving plaintiff the opportunity to produce in written discovery and/or through depositions the reasons that the grievance system was unavailable to him at the time that his secondary and final grievance appeals were due.[1]

In the instant case, plaintiff prepared and filed an initial appeal and attempted to file a final appeal in regard to his medical grievance. Exhibit. A. At this early stage of the litigation, prior to the discovery process, plaintiff's appeal/attempted appeal to the SOIGA (Exhibit A) is sufficient to withstand a motion to dismiss. Plaintiff should be given the opportunity to show through the discovery process whether administrative remedies were available to him and the reasons that he submitted and appealed his grievances in the manner that he chose. Plaintiff has not yet had the opportunity to present evidence to show whether and how the prison rules obstructed his use of the grievance system; whether plaintiff was denied necessary forms; whether plaintiff was transferred to another prison when the grievance appeals were due; whether prison officials misrepresented grievance deadlines; whether prison officials refused to accept or forward plaintiff's appeals; and/ or any other reasons behind plaintiff's grievances and appeals, all of which would show that administrative remedies were not available to plaintiff and would defeat the DOC defendants' argument that plaintiff failed to exhaust his administrative remedies. See Ross v. Blake, supra, 136 S. Ct. at 1860; Hill v. Snyder, supra, 817 F.3d at 1041; and Sandlin v. Poole, 575 F. Supp. 2d 484, 488 (W.D. N.Y. 2008) (failure to provide grievance

---

[1] Plaintiff's DOC Moves Report indicates that from 9/22/16 through 1/12/17, plaintiff was transferred to and from the following prisons: York County Prison, SCI Benner Township, SCI Pittsburgh and his current location, SCI Mercer. See Plaintiff's Moves Report, attached hereto as Exhibit B. Plaintiff's transfers among these prisons at or near the time of the deadlines for his secondary and final grievance appeals is something that plaintiff seeks to present through discovery as an explanation for why the grievance system was unavailable to him from mid-September 2016 through January 2017. See Exhibits A and B.

deposit boxes, denial of forms and writing materials, and a refusal to accept or forward plaintiff's appeals effectively rendered the grievance appeal process unavailable to him).

As the facts alleged in the First Amended Complaint, along with Exhibits A and B, allege a plausible basis for the Court to conclude that plaintiff exhausted his administrative remedies, the DOC Defendants' Motion to Dismiss should be denied. If, however, the Court finds that the DOC Defendants' and Plaintiff's exhibits pertaining to exhaustion make plaintiff's claims vulnerable to dismissal, then the remedy is to give plaintiff an opportunity to amend the complaint as opposed to a dismissal of his claims. See Shane v. Fauver, supra, 213 F.3d at 116.

Because a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in Plaintiff's Amended Complaint, it would be premature for the Court to dismiss this action at this stage without considering evidence of plaintiff's mindset and the availability of the grievance system in regard to the appeals of his grievance, which will be revealed in the discovery process. Therefore, the Court should deny the DOC Defendants' Motion to Dismiss.

## IV.   **CONCLUSION**

For all the reasons stated above, the DOC Defendants' Motion to Dismiss the claims in Plaintiff's Amended Complaint for failure to exhaust administrative remedies, should be denied.

/s/ Laurie R. Jubelirer

Laurie R. Jubelirer, Esquire
Jubelirer Law, LLC
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALMER LEE REYAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:18-cv-01485 |
| | : | (Magistrate Judge Arbuckle) |
| v. | : | (Judge Mariani) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, CAPTAIN RANDY EVANS | : | JURY TRIAL DEMANDED |
| SERGEANT RICHARD HIBSHMAN, | : | |
| CORRECTIONS OFFICER SAMUEL LARTY, | : | |
| CORRECTIONS OFFICER RICHARD KISTLER, | : | |
| CORRECT CARE SOLUTIONS, DR. VANITHA | : | |
| ABRAHAM, DR. THEODOOR VOORSTAD, | : | |
| DR. SCOTT MORGAN, DR. JEAN HOLDREN, | : | |
| PA-C NICOLE ODEM, PA-C MARK HAMMER, | : | |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Laurie R. Jubelirer, Esquire, attorney for plaintiff, hereby certify that a true and correct copy of the within Motion was filed electronically via the Court's ECF system on the date below and is available for viewing and downloading by all counsel of record.

By:   /s/ Laurie R. Jubelirer
Laurie R. Jubelirer, Esquire
Jubelirer Law, LLC
Attorney for Plaintiff

Date: January 23, 2019